**Jamal Abdernaser Aziz ALMASRI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73967.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2005.[*]

Decided Oct. 20, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carolyn Reinholdt, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Jamal Abdernasher Aziz Alamsri (Aziz), a native and citizen of Jordan, petitions for review of a final order issued by the Board of Immigration Appeals (BIA) denying his request for asylum, withholding of removal, and Convention Against Torture (CAT) relief. We deny the petition.

## DISCUSSION

Asylum and withholding of removal require proof of persecution by a "government official or persons the government is unable or unwilling to control." *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170 (9th Cir. 2005). Similarly, CAT relief requires a showing that the torture was "by or at the instigation of or with the consent or acquiescence of a public office or other person acting in a official capacity." *Id.* at 1172 (internal quotation omitted). Aziz testified he was threatened, beaten, and tortured in Jordan because he is a Christian who became "romantically involved with a Muslim woman." He claims the woman's family objected to the relationship and sent individuals to beat and torture him.

We agree with the BIA that Aziz did not show that his persecutors were government officials or individuals the government is unable or unwilling to control. There are no allegations that Jordanian officials beat or threatened Aziz. He did not report the incidents to the police so there is no evidence that officials refused or failed to prevent the harm. Although

Aziz claims his persecutors may have been members of the Muslim Brotherhood, a radical Moslem organization, there is no evidence to substantiate that claim or, even assuming it to be true, that Jordanian officials are incapable or unwilling to control the group. *See Elnager v. INS,* 930 F.2d 784, 788–89 (9th Cir.1991) (rejecting similar claim of religious persecution by the Muslim Brotherhood). Considering these circumstances, we conclude that a reasonable trier of fact would not "be compelled to find that the [Jordanian] government must bear ... responsibility ... because it is unable or unwilling to control" its citizens. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.